IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AKT DEVELOPMENT CORPORATION, Plaintiff, | ) | |
| v. | ) | No. 04-1453 C (Judge Firestone) |
| THE UNITED STATES, Defendant. | ) | |

MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the rules of this Court, the United States respectfully requests the Court to dismiss plaintiff's complaint because the Court does not possess jurisdiction to entertain the merits of the complaint. The essence of the complaint is that despite an agreement to do otherwise, the Government denied plaintiff's application for a permit to develop a certain parcel of land. Although the complaint alleges the existence of an "agreement", it does not contain allegations sufficient to establish the existence of an enforceable contract. Further, the complaint does not identify any provision of the alleged agreement that may be fairly interpreted as requiring the payment of compensation from the United States. In support of this motion, we rely upon the complaint and the following memorandum of law.

MEMORANDUM OF LAW

STATEMENT OF THE ISSUES

1. Whether this Court possesses jurisdiction to entertain the merits of a complaint that seeks a remedy for the alleged breach of an agreement but does not contain allegations sufficient to establish the existence of an enforceable contract.

2. Whether this Court possesses jurisdiction to entertain the merits of a complaint that seeks a remedy for the alleged breach of an agreement but does not identify any provision of the alleged agreement that may be fairly interpreted as requiring the payment of compensation from the United States.

STATEMENT OF THE CASE

AKT Development Corporation complains that the Government has improperly denied it a permit to develop a certain parcel of land, referred to as Lot P. E.g., Complaint ¶ 40. AKT claims that it is entitled to a permit so that it may develop Lot P as a result of an alleged agreement between AKT and the Government. E.g., Complaint ¶¶ 40, 42, 47. Under this alleged agreement, according to AKT, the Government would recognize that another parcel of land, referred to as Excelsior 184, would serve, for environmental purposes, as mitigation for residential development of Lot P. Id.

AKT alleges that it has done all that it was required to do so that Excelsior 184 could serve as mitigation for development of Lot P, e.g., Complaint ¶ 48, but that because the Government has denied AKT's permit application, AKT has incurred unspecified consequential damages "far in excess of $10,000." E.g., Complaint ¶¶ 43 - 45, 49.

The Government denies the existence of an agreement. In any event, particularly for the purposes of this motion, AKT's complaint fails to allege the elements that would be necessary, if proven, to establish the existence of an enforceable contract. AKT bases its invocation of the jurisdiction of this Court upon

the alleged existence of an agreement. However, because AKT fails to plead sufficient allegations to establish the existence of an enforceable contract, this Court does not possess jurisdiction to entertain the merits of AKT's complaint. Further, the Court does not possess jurisdiction to entertain AKT’s complaint because no provision of the alleged agreement can be fairly interpreted as requiring the payment of compensation from the United States. We, therefore, respectfully request the Court to dismiss the complaint.

## ARGUMENT

### I. AKT Bears The Burden Of Establishing That This Court Possesses Jurisdiction To Entertain This Action

AKT bears the burden of establishing by preponderant evidence that the Court possesses jurisdiction to entertain this suit. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988); American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265, 267 (1990). When "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." Thomson v. Gaskill, 315 U.S. 442, 446 (1942); accord Farmers Grain Co. of Esmond v. United States, 29 Fed. Cl. 684, 686 (1993) (when a motion "challenges the truth of the jurisdictional facts alleged in the complaint . . . the court may consider relevant evidence in order to resolve the factual dispute"). If the factual basis for jurisdiction is challenged, the allegations in the complaint are

not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion. Gibbs v. Buck, 307 U.S. 66, 72 (1939).

Because the complaint does not contain allegations sufficient to establish the existence of an enforceable contract or allegations that any provision of the alleged agreement requires the payment of compensation from the United States, AKT has failed to satisfy threshold requirements to demonstrate this Court's jurisdiction. The Court, therefore, should dismiss the complaint.

## II. AKT's Complaint Should Be Dismissed For Failure To Plead And Prove Jurisdiction

### a. Jurisdiction

AKT cites the Tucker Act, 28 U.S.C. § 1491, as the basis for the Court's jurisdiction. Complaint ¶ 1 - 3. The Tucker Act, however, does not create any substantive right of recovery against the United States for money damages. United States v. Testan, 424 U.S. 392, 398 (1976); Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, it merely confers jurisdiction upon the Court whenever the substantive right otherwise exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc), cert. denied, 465 U.S. 1065 (1984). A plaintiff must look beyond the Tucker Act and must identify a contract, constitutional provision, federal statute, or regulation that mandates the payment of money to the plaintiff. United States v. Mitchell, 445 U.S. 535, 538 (1980); Clark v. United States, 322

F.3d 1358, 1363 (Fed. Cir. 2003).

Application of these principles to this case demonstrates that the complaint does not satisfy the requirements necessary to establish the Court's jurisdiction to entertain AKT's claim.

b. AKT fails to allege facts sufficient to establish a contract

A motion to dismiss pursuant to Rule 12(b)(1) – directed at the Court's subject matter jurisdiction – is appropriate when plaintiff has alleged an express or implied contract but plaintiff's complaint does not contain "well pleaded allegations of express or implied-in-fact contract." McAfee v. United States, 46 Fed. Cl. 428, 432 (2000) (citing Trauma Serv. Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997)). "A well pleaded allegation of an express, or implied-in-fact, contract necessarily includes allegations going to each of the requisite elements of a contract." Id.

The requirements to establish a binding contract with the United States, which are identical for both express and implied contracts, are "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract." Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir. 1997) (citing City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990)); City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998). In this case, AKT has not alleged any specific facts to establish the existence of an express or implied

contract.

AKT does not allege facts that, if proven, would establish an intent to contract. AKT alleges only that in the context of a regulatory process discussions were held to consider what might be done so that AKT could obtain a permit to develop Lot P. E.g., Complaint ¶ 28 - 30. The Government was not engaged in contract negotiations; the Government was engaged in performing a regulatory function.

AKT does not allege facts that establish an offer, an acceptance, or consideration. AKT alleges that the Fish and Wildlife Service proposed a course of action that could satisfy statutory and regulatory requirements necessary for AKT to obtain a permit. Complaint ¶ 28. The Government was neither offering to contract with AKT nor accepting from AKT an offer to contract. Moreover, the alleged object of the alleged agreement was a permit to develop Lot P. Permits are not obtained by contract and are not provided in exchange for consideration. AKT's allegations, at best, describe discussions conducted within the context of the permitting process, not the formation of a contract.

AKT does not indicate whether the alleged agreement is express or implied, written or oral. AKT does not identify any person who allegedly made this agreement upon behalf of either party. AKT does not identify any Government representative and makes no allegations concerning authority to bind the United States in contract. Moreover, the issuance of the desired permit – the alleged object of the alleged agreement – is not a matter

of contract but a function of satisfying statutory and regulatory requirements. AKT does not, and cannot, allege that any Government representative has authority to contract for issuance of a permit.

To invoke this Court's Tucker Act jurisdiction, AKT must allege the existence of a specific contract with the Government that provides for AKT to recover damages. See, e.g., Mients v. United States, 50 Fed. Cl. 665, 671 (2001). AKT has failed to allege sufficiently any of the elements required to establish an enforceable contract. This Court, therefore, does not possess jurisdiction to entertain AKT's complaint.

c. The alleged agreement does not mandate the payment of money

A plaintiff such as AKT that seeks to invoke the Court's Tucker Act jurisdiction must present a claim for "actual, presently due money damages from the United States." United States v. King, 395 U.S. 1, 3 (1969); New York Life Ins. Co. v. United States, 118 F.3d 1553, 1556 (Fed. Cir. 1997) ("The claim must, of course, be for money."). Claims against the United States for damages "must arise from violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation from the United States." Lee v. United States, 33 Fed. Cl. 374, 378 (1995), citing Testan, 424 U.S. at 401-02 (emphasis added); Khan v. United States, 201 F.3d 1375, 1377 (Fed. Cir. 2000) ("to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship,

constitutional provision, statute, or regulation that provides a substantive right to money damages"). The substantive right claimed must be one that "can be fairly interpreted as mandating compensation by the Federal Government for the damages sustained." Eastport S.S. Corp., 372 F.2d at 1009. Claims that are merely "money-oriented" or "money cast", that is, claims that somehow relate to the ultimate recovery of money, administratively or judicially, are not sufficient. King, 395 U.S. at 3.

A plaintiff must, therefore, identify a separate statute or regulation or contract provision that creates a substantive right entitling it to the money damages it seeks. See Tippett v. United States, 185 F.3d 1250 (Fed. Cir. 1999).

> It is not simply enough . . . for plaintiffs to present a claim for money. To determine whether plaintiffs' breach of contract claim falls within this court's jurisdiction, the court must consider whether plaintiffs have established that a "substantive right enforceable against the United States for money damages" exists. Testan, 424 U.S. at 398. The alleged substantive right must be of the type that "can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained." Eastport S.S. Corp., 372 F.2d at 1009.

Griswold v. United States, 61 Fed. Cl. 458, 465-66 (2004). Even when the Government's alleged actions would constitute a violation of the terms of the parties' agreement, the contractual right violated by the Government must be "'fairly interpreted' as requiring the government to pay money for the 'damage sustained.'" Id. at 466, quoting Eastport S.S. Corp., 372 F.2d at 1009; see also Schooling v. United States, No. 04-996C, Slip

Op. at 6, Fed. Cl. , 2004 WL 2750098, *5 (November 30, 2004).

AKT does not allege that any provision of the alleged agreement can be fairly interpreted as requiring compensation from the United States. Having failed to establish a "substantive right" of recovery against the United States for money damages, AKT cannot avail itself of the jurisdiction of this Court to obtain "compensatory and incidental" damages, Complaint ¶ 43. Griswold, 61 Fed. Cl. at 466.

CONCLUSION

For the foregoing reasons, we respectfully request the Court to dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

OF COUNSEL:

LISA H. CLAY
Assistant District Counsel
United States Army Corps of Engineers
Sacramento, CA

JIM MONROE
Assistant Regional Solicitor
United States Department of Interior
Sacramento, CA

January 14, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January 2005, a copy of the foregoing "MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.